IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **HARPER LEIGH DEVAREAUX,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-0767-O-BP |
| | § | |
| **STEPHANIE HUTCHINSON,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On July 17, 2025, *pro se* Plaintiff Harper Leigh Devareaux filed a pleading seeking to remove a civil case from state court. ECF No. 1. In response, the clerk of Court opened this new civil action, which was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF No. 5.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action in which Plaintiff seeks to remove a civil property dispute from state court.

B.   PARTIES

Harper Leigh Devareaux is the plaintiff. She names Stephanie Hutchinson, Tavolo TH Property De LLC, Tarrant County Risk Management, and the State of Texas as defendants.

C.   LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C.

§§ 1914, 1915. When Plaintiff filed her pleading seeking to remove her state court action here, she did not pay the requisite fees or file a complete IFP application. On July 21, 2025, the Court ordered Plaintiff to cure this preliminary filing deficiency on or before August 4 by either paying $405 to the clerk of Court or filing a complete long-form IFP application. ECF No. 7. The Court provided Plaintiff a copy of the IFP application form necessary to comply and warned her that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.*

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's order lapsed. To date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure her filing deficiency or communicate with the Court about her case. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court orders and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

The undersigned therefore **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Plaintiff's complaint for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14)**

**days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is so **ORDERED** on August 13, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE